**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD T. RENWICK, | : |
| Plaintiff, | : Civil Action No. 10-6272 (SRC) |
| v. | : **O P I N I O N** |
| U.C. MEDICAL DEPT, | : |
| Defendant. | : |

**APPEARANCES:**

HOWARD T. RENWICK, *pro se*
190016
6B-16
UNION COUNTY JAIL
15 ELIZABETHTOWN PLAZA
ELIZABETH, NJ 07202

**CHESLER**, District Judge

Plaintiff, Howard T. Renwick, a pretrial detainee currently confined at the Union County Jail in Elizabeth, New Jersey, seeks to bring this action in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from

a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff, Howard T. Renwick ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the Union County Jail Medical Department. (Complaint, Caption and ¶¶ 4b.) The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

In his complaint Plaintiff states only that he has "sent his claim to the superior court but [he doesn't] think anything is happening and inmate medical request form and the two classification form D one from the doctor and one from the chiropractor (Alvin Schwartz M.D.)." (Compl., ¶6.) Based on the attachments to the complaint, it appears that Plaintiff had been receiving treatment and medication for an ongoing back and ankle problem before he came to Union County Jail. (Docket Entry No. 1-4, at 1.) While at the jail, the doctors had been giving him pain medication, however, the medication was stopped from June 20, 2010 until August 30, 2010. (Id. at 2.) Plaintiff states that due to the lapse in medication, he cannot sleep and he is in pain. (Id.) Plaintiff states that the doctors told him to order medication from the commissary, however, he did not have the money to do so and though he obtained the indigent package as instructed, no medication was provided in the package. (Id. at 3.) Plaintiff also makes

2

reference to needing three mattresses to sleep, but is unclear as to whether he is attempting to allege a claim under § 1983.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct.

1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See id.</u> at 1948. The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See id.</u> at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n. 3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**B. Analysis**

Liberally construing Plaintiff's complaint as alleging a medical care claim against the individual medical staff of the jail, the Court finds that it should be dismissed.[1] Since Plaintiff was a pre-trial detainee at the time of the incident, his claim is evaluated under the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005)(pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment); Fuentes v. Wagner, 206 F.3d 335, 341 (3d

---

[1] The only defendant named in the complaint is the Union County Jail Medical Department. However, a jail is not a "person" amenable to suit under 42 U.S.C. § 1983. See Marsden v. Fed. BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (county jail not entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993) (Cook County Jail not "person" under § 1983); McCoy v. Chesapeake Corr. Ctr., 788 F.Supp. 890, 893-94 (E.D.Va. 1992) (local jail not "person" under § 1983); Vance v. County of Santa Clara, 928 F.Supp. 993, 995 (N.D.Cal. 1996) (county department of corrections is agency of county and cannot be sued separately from county under § 1983); Mayes v. Elrod, 470 F.Supp. 1188, 1192 (N.D.Ill. 1979) (county department of corrections not entity that can be sued separate from county); Bennett v. New Jersey, 2010 WL 5169070, at *6-7 (D.N.J. December 14, 2010)(neither the county jail nor the county jail medical clinic are a "person" or an entity able to be sued apart from the county). Accordingly, the claim against Union County Jail Medical Department is subject to dismissal.

5

Cir. 2000).

Analysis of whether a pre-trial detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out in Bell v. Wolfish, 441 U.S. 520 (1979). Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law....
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

Bell, 441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.

6

"Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. Id. at 539 n. 20.

Based on the allegations of the complaint, Plaintiff fails to state a claim under the Fourteenth Amendment. Plaintiff acknowledges that he has always received medical treatment while he has been in the jail but he is dissatisfied that he was instructed to purchase Motrin from the commissary rather than receive prescription drugs from the clinic. Plaintiff has not alleged any facts that would indicate that advising him to purchase Motrin from the commissary was intended as a form of punishment. In fact, it appears from a response from one of the doctors attached to the complaint that the decision not to order pain medication for Plaintiff was a medical decision based on long term usage risks. (Docket Entry No. 1-3 at 6.) As such, this claim will be dismissed. With regard to the mattresses, Plaintiff has not alleged sufficient factual matter to allow the Court to determine whether the claim is facially plausible. Therefore, this claim will also be dismissed.

However, a district court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See

Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). Plaintiff may be able to assert facts in an amended complaint stating a cognizable claim under § 1983 against proper defendants. Thus, this Court will grant Plaintiff leave to file a motion to reopen and an amended complaint, stating a cognizable § 1983 claim. If Plaintiff elects to file an amended complaint asserting a § 1983 claim, he should comply with the pleading requirements of Iqbal and this opinion within 30 days.

## III. CONCLUSION

For the reasons set forth above, the complaint will be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be granted leave to file a motion to reopen and amend the complaint, stating a cognizable § 1983 claim, within 30 days. An appropriate order follows.

Dated:

_____
STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE